UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CATHERINE PESCHECK,

    **Plaintiff,**

    v.                                                                                                            Case No. 23-CV-1376-SCD

**BMO Bank, N.A.,**
  *formerly known as BMO Harris Bank, N.A.,*

    **Defendant.**

## DECISION AND ORDER

    Catherine Pescheck worked at BMO Bank, N.A., from 2012 until her employment was terminated in June 2022. She believed that she was fired for requesting time off to address her rheumatoid arthritis, so in October 2023, Pescheck filed a class action complaint against BMO seeking redress for violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. *See* Compl., ECF No. 1. Pescheck alleged that, on or around May 25, 2022, she requested FMLA leave on the advice of her primary care physician and as a result of her worsening rheumatoid arthritis. Compl. ¶ 12. About two weeks later, BMO fired Pescheck for performance issues. *Id.* ¶ 15. However, according to Pescheck, that reason was pretextual; she believes her termination was a direct result of her lawful request for FMLA leave. *Id.*

    The complaint asserted a single count under the Act, as well as class allegations. *See* Compl. ¶¶ 21–30. Specifically, the complaint asserted that, "[b]y terminating [Pescheck's] employment as a direct result of her request for FMLA leave, BMO interfered with, restrained, and denied her attempts to exercise her right to leave under the FMLA and thereby violated 29 U.S.C. § 2615(a)(1)." *Id.* ¶ 24. Pescheck sought relief for herself and on behalf of

all other individuals who were fired by BMO within thirty days of requesting FMLA leave. *Id.* ¶ 25.

The matter was reassigned to this court in January 2024 after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 11 & 12. The court issued a scheduling order, ECF No. 14, and the parties engaged in discovery, *see* ECF Nos. 21, 23 & 28. In May 2025, the court granted Pescheck's unopposed motion for leave to file an amended complaint. *See* Text Only Order, ECF No. 26. The amended complaint includes an updated caption, no class allegations, and several revised factual allegations. *See* Am. Compl., ECF No. 27. The main factual revision is that Pescheck no longer alleges that she requested leave on the advice of her primary care physician and as a result of her worsening rheumatoid arthritis; rather, she simply alleges that, on or around May 24, 2022, she requested intermittent FMLA leave to address her rheumatoid arthritis. *Id.* ¶ 12. Like the original complaint, the amended complaint asserts that BMO violated the Act by terminating Pescheck's employment as a direct result of her request for FMLA leave. *Id.* ¶ 22 (citing 29 U.S.C. § 2615(a)(1)).

BMO has moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot., ECF No. 30. The company insists that the amended complaint should be dismissed with prejudice because Pescheck fails to allege that she provided BMO thirty days' notice of her need for FMLA leave, consulted BMO to schedule appointments, and disclosed the anticipated duration of her leave. *See* Def.'s Mem., ECF No. 31. According to BMO, the absence of these allegations is fatal, as sufficient notice is an element of an FMLA interference claim that must be pled in the complaint.

In response, Pescheck seeks leave to file a second amended complaint. *See* Pl.'s Mot., ECF No. 32. Pescheck contends that BMO's motion to dismiss is meritless because she is asserting a claim for FMLA retaliation, not interference, and sufficient notice is not an element of a retaliation claim. *Id.* ¶ 7 (citing *Strong v. Quest Diagnostics Clinical Labs., Inc.*, No. 19-CV-4519, 2021 WL 354000, 2021 U.S. Dist. LEXIS 19564, at *17–20 (N.D. Ill. Feb. 2, 2021)). Pescheck further contends that the amended complaint adequately alleges that she followed the proper protocols in requesting FMLA leave. *Id.* (citing Am. Compl. ¶ 12). Nevertheless, to avoid unnecessary litigation, Pescheck has submitted a proposed second amended complaint that contains additional factual allegations regarding her request for FMLA leave. *See* 2d Am. Compl. ¶¶ 9–25, ECF No. 32-1.[1]

Because Pescheck has already amended her complaint once, she may amend her pleading again "only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "Leave to file 'shall be given freely when justice so requires.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). "Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith[,] . . . dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id.* (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant

---

[1] BMO insists that its motion to dismiss should be granted because Pescheck did not file a brief in opposition or seek an extension of time for doing so. *See* Def.'s Reply, ECF No. 35. Not true. In her motion seeking leave to amend, Pescheck explicitly asked for more time to file an opposition, if the court denied leave to amend. *See* Pl.'s Mot. ¶ 14. Pescheck therefore did not waive her opportunity to respond. Moreover, as explained below, BMO's motion is far from "unassailable," Def.'s Reply 3—in fact, it lacks any merit.

3

factor in determining whether the lateness of the request ought to bar filing." *Id.* (quoting *Park*, 297 F.3d at 613).

BMO opposes Pescheck's request for leave to amend for two general reasons. *See* Def.'s Resp., ECF No. 33. First, according to BMO, the proposed amendment is futile because it does not cure the deficiencies raised in the company's motion to dismiss. BMO argues that, like the amended complaint, the second amended complaint does not allege that Pescheck met the required notice obligations for an FMLA interference claim. BMO also argues that the second amended complaint does not allege all the required elements of an FMLA retaliation claim. Indeed, the company asserts that the second amended complaint does not plead retaliation at all—it never uses the term "retaliation" or "retaliate," and it cites the statutory subsection for FMLA interference (29 U.S.C. § 2615(a)(1)), not the subsection for FMLA retaliation (29 U.S.C. § 2615(a)(2)).

Second, BMO maintains that the proposed amendment would unduly prejudice the company because it would change both a central factual allegation (Pescheck's alleged reason for requesting FMLA leave) and the nature of Pescheck's claim (substituting a retaliation claim for an interference claim). The company says that it has essentially completed its written discovery and has already deposed Pescheck. Thus, according to BMO, allowing Pescheck to amend her complaint now—nearly two years after she commenced this action—would cause the company to face additional costs, time expenditure, and rushed efforts.

Pescheck's proposed amendment is not futile. To support its argument that Pescheck failed to plead sufficient notice, BMO relies primarily on cases explaining what an FMLA plaintiff must demonstrate to survive summary judgment or to prevail at trial. *See* Def.'s Mem. 2–3 (citing *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009); *Curtis v. Costco Wholesale*

4

*Corp.*, 807 F.3d 215, 220, 223 (7th Cir. 2015); *Aubuchon v. Knauf Fiberglass, GMBH*, 359 F.3d 950, 951–52 (7th Cir. 2004)). Those cases, however, do not address what is required to state a claim under the Act. The company does cite one motion-to-dismiss case: *Smith v. Aptar Group, Inc.*, No. 12 C 8630, 2013 WL 655523, 2013 U.S. Dist. LEXIS 23889 (N.D. Ill. Feb. 21, 2013). But that case, like BMO here, conflated a pleading requirement with a proof requirement by inappropriately relying on the standard used at summary judgment. *See id.* at *9 (citing *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 591 (7th Cir. 2008)). This misstep apparently is not uncommon in FMLA cases. *See Soulemane v. Tyson Fresh Meats, Inc.*, No. 4:21-cv-04066-SLD-JEH, 2022 WL 263560, 2022 U.S. Dist. LEXIS 14842, at *4 n.4 (C.D. Ill. Jan. 27, 2022) (citing *Winchester v. Ryder Integrated Logistics, Inc.*, No. 19-CV-01356-NJR, 2020 WL 4784757, 2020 U.S. Dist. LEXIS 148760, at *3–10 (S.D. Ill. Aug. 18, 2020)).

While Pescheck would have to demonstrate sufficient notice *to prevail* on an FMLA interference claim, she does not need to plead facts supporting that element in her complaint. To state a claim under the federal notice-pleading standard, a complaint must simply set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must state a *claim* for relief, not "facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (citing Fed. R. Civ. P. 8). In fact, complaints need not identify any legal theory at all; that can by supplied later. *See Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 909 (7th Cir. 2012) ("[P]laintiffs are not required to plead legal theories."); *Baldwin v. Metro. Water Reclamation*, 487 F. App'x 304, 305 n.1 (7th Cir. 2012) ("A complaint is satisfactory if it states a claim for which relief in the federal court is available; the plaintiff can supply the legal theory later."). Thus, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must simply 'contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Del Marcelle*, 680 F.3d at 909 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The FMLA permits employees with a serious health condition to take up to 12 weeks of leave during any 12-month period. *See* 29 U.S.C. § 2612(a)(1)(D). "To ensure this entitlement, the Act makes it 'unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided.'" *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005) (quoting § 2615(a)(1)). The Act also "makes it 'unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.'" *Id.* (quoting § 2615(a)(2)).

Although the proposed second amended complaint contains minimal factual allegations, *see* 2d Am. Compl. ¶¶ 9–25, those allegations are sufficient to state a plausible claim for relief under the Act. Pescheck alleges that, while working for BMO in May 2022, she requested intermittent FMLA leave to address rheumatoid arthritis, which is considered a serious health condition under the Act. *See id.* ¶¶ 9–15. She was fired less than two weeks later, before the company responded to her leave request. *Id.* ¶¶ 16, 19. Given that suspicious timing, it's plausible to believe that BMO fired Pescheck for requesting FMLA leave or in lieu of honoring her request and that the company's purported reason for the termination (Pescheck's alleged mishandling of cashier's checks, *id.* ¶ 16) was pretextual.

For purposes of Pescheck's motion seeking leave to amend, it makes no difference whether she is asserting a claim for FMLA interference or retaliation. As explained above, a plaintiff does not need to plead a legal theory in her complaint. *See Del Marcelle*, 680 F.3d at 909. Thus, the failure to use the word "retaliation" or "retaliate," and the citation to the wrong statutory subsection, does not make Pescheck's proposed amendment futile. *See BRC Rubber*

6

*& Plastics, Inc. v. Cont'l Carbon Co.*, 900 F.3d 529, 543 n.36 (7th Cir. 2018) ("[A] plaintiff cannot plead [it]self out of court by citing to the wrong legal theory or the wrong legal authority.") (citation and internal quotation marks omitted); *Rabé v. United Air Lines*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Senese v. Chi. Area Int'l Bhd of Teamsters Pension Fund*, 237 F.3d 819, 825 (7th Cir. 2001) ("However, merely invoking the wrong statutory section or legal theory would not have been fatal to [the plaintiff's] complaint."). Moreover, Pescheck's termination is the only potential action constituting a violation of the Act, *see* 2d Am. Compl. ¶¶ 9–25, and "[a] claim under the FMLA for wrongful termination can be brought under either a discrimination/retaliation or interference/entitlement theory," *Strong*, 2021 U.S. Dist. LEXIS 19564, at *15 (quoting *Kauffman*, 426 F.3d at 884). Pescheck therefore could proceed under either theory; it's too early to tell which is the better fit for Pescheck's allegations.

Finally, BMO has not demonstrated that it would be unduly prejudiced by Pescheck's proposed amendment. The company accuses Pescheck of changing her story for why she sought FMLA leave. In her original complaint, Pescheck alleged that she sought leave on the advice of her primary care physician and as a result of her worsening rheumatoid arthritis. Compl. ¶ 12. The second amended complaint alleges that she requested intermittent leave under the Act because her manager had been at times refusing to allow her to leave work to go to medical appointments for the purpose of treating her rheumatoid arthritis. 2d Am. Compl. ¶ 12. Pescheck says she made this change to conform her amended complaint with her deposition testimony, wherein she indicated that her manager's actions were the "primary motive" for requesting FMLA leave. *See* Pl.'s Mot. ¶ 3. However, Pescheck never said that was the *only* motivating factor, and the different reasons are not mutually exclusive. Also, this

7

alleged discrepancy came up at Pescheck's deposition, so it's difficult to see how BMO can now claim to be prejudiced by her including that allegation in an amended complaint.

And, contrary to BMO's suggestion, the nature of Pescheck's claim has never changed. The original complaint, the amended complaint, and the second amended complaint all assert the same claim for relief: that the company violated the FMLA when it terminated Pescheck's employment as a direct result of her request for leave under the Act. *See* Compl. ¶ 24; Am. Compl. ¶ 22; 2d Am. Compl. ¶ 29. The precise legal theory does not need to be pinned down in the complaint, and BMO has not shown how the company will be prejudiced by Pescheck's more detailed factual allegations, which simply clarify her prior allegations.

Accordingly, for all the foregoing reasons, the court **DENIES** the defendant's motion to dismiss, ECF No. 30, and **GRANTS** the plaintiff's motion for leave to file a second amended complaint, ECF No. 32. The clerk of court shall docket the plaintiff's proposed second amended complaint, ECF No. 32-1, as a separate entry. In light of the parties' letter, ECF No. 36, discovery and dispositive motions deadlines are **STAYED** pending mediation. The clerk is directed to randomly assign the case to a magistrate judge for mediation.

**SO ORDERED** this 29th day of July, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge